THE STATE EX REL. HAMLIN, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Hamlin v. Indus.*
*Comm.* (1993), 68 Ohio St.3d 21.]

(No. 92–2388—Submitted September 14, 1993—Decided December 8, 1993.)

*Sambol & Associates* and *Marylee Gill Sambol,* for appellee.

*Lee I. Fisher,* Attorney General, *Cordelia A. Glenn* and *Gerald H. Waterman,* Assistant Attorneys General, for appellants Industrial Commission and Patrick G. Mihm, Administrator, Bureau of Workers' Compensation.

*Thompson, Hine & Flory, Janis B. Rosenthal* and *Philip B. Cochran,* for appellant Inland Division, General Motors Corporation.

---

*Per Curiam.* This controversy was generated by the commission's denial of claimant's workers' compensation claim. No one disputes that the commission's decision involves claimant's "right to participate" in the workers' compensation program and is, therefore, appealable. *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. Underlying this dispute is a single question: Has claimant's time for appeal to the common pleas court run?

Claimant's death moots that inquiry. Admittedly, the procedural issue before this court was initiated by the employer, and, as a general rule, an employee's death does not destroy the employer's right to appeal a ruling adverse to it. *Seabloom Roofing & Sheet Metal Co. v. Mayfield* (1988), 35 Ohio St.3d 108, 519 N.E.2d 358. In *Seabloom,* the district hearing officer had allowed the claimant's workers' compensation claim and, during the course of the employer's appeal to the Industrial Commission, claimant died from unrelated causes. We upheld the employer's right to continue its cause of action and preserved the employer's opportunity to prove that claimant's earlier injury was unrelated to his employment.

In the present case, however, the employer's appeal is an outgrowth of the occupational disease claim that claimant sought to keep alive. If claimant were to prevail on the issue before us, it would simply mean that claimant could, if she were alive, appeal the claim's disallowance to common pleas court. This underlying "right to participate" question, however, has been abated by claimant's death. We find the following language persuasive: "Where there is a denial of benefits to an employee and upon appeal * * * he dies before disposition of the action, the action abates by force of the Workmen's Compensation statutes and the general statutes of abatement and revivor, *i.e.,* R.C. 2311.21 and 2311.26, are inapplicable." *Ratliff v. Flowers* (1970), 25 Ohio App.2d 113, 116, 54 O.O.2d 213, 215, 266 N.E.2d 848, 850.

Accordingly, the judgment of the court of appeals is reversed and the writ of mandamus is denied.

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.