THE STATE EX REL. COLEMAN, APPELLEE, *v.* INDUSTRIAL COMMISSION OF
OHIO, APPELLANT, ET AL.

[Cite as *State ex rel. Coleman v. Indus. Comm.*, 136 Ohio St.3d 77,
2013-Ohio-2406.]

*Workers' compensation—Loss of use of body part—Permanent total disability
under R.C. 4123.58(C)—Prior determination of loss of use under R.C.
4123.57(B) not determinative.*

(No. 2011-0972—Submitted February 26, 2013—Decided June 11, 2013.)

APPEAL from the Court of Appeals for Franklin County, No. 10AP-287,
2011-Ohio-2006.

_____

**Per Curiam**.

{¶ 1} The Industrial Commission appeals the judgment of the Franklin County Court of Appeals issuing a writ of mandamus ordering the commission to grant Mike Coleman's request for compensation for statutory permanent total disability under former R.C. 4123.58(C) for the loss of use of his hand and arm. The commission contends that there was evidence to support its decision that Coleman's injury did not rise to the level of a permanent and total loss of use for purposes of former R.C. 4123.58(C). Thus, the commission maintains that it did not abuse its discretion when it denied Coleman's request for compensation for statutory permanent total disability.

{¶ 2} We agree. Consequently, we reverse the judgment of the court of appeals and deny the writ of mandamus.

*Facts and Case History*

{¶ 3} In January 1994, Coleman was employed as a boilermaker mechanic. He was injured when he fell backward off a ladder and struck the back of his neck on a propane tank on the ground. His industrial claim was allowed for fractured vertebrae, herniated discs, and various shoulder injuries.

{¶ 4} In June 2008, Coleman filed a motion requesting compensation for a "total loss of the functional use of the right arm." In support of his motion, he submitted medical reports from Dr. Robert Frank Jr. and Dr. W. Jerry McCloud.

{¶ 5} According to Dr. Frank, Coleman was able to do housecleaning, some cooking, and light yard work and drive a car. Dr. Frank reported that Coleman was able to write with his right hand, though it was difficult at times because his arm was prone to spasms. Dr. Frank also stated that Coleman "can use his right arm at his side" but cannot do heavy pulling or lifting or move his arm above his head. Dr. McCloud reported that Coleman had considerable loss of motion of his shoulder but had limited function of his right arm.

{¶ 6} Dr. Ralph Rohner examined Coleman on behalf of the Bureau of Workers' Compensation and opined that Coleman's shoulder was useless for all practical purposes. Dr. Rohner's report stated:

> This man is a heavy laborer and requires full motion and strength of his right shoulder as well as the ability to move the position of his neck frequently to do those duties. At the present time, he has significant limitation of motion involving both his neck and his right shoulder.

**{¶ 7}** On August 1, 2008, the bureau concluded that Coleman had a "100% loss of use of the right shoulder ankylosis" and awarded him 225 weeks of compensation under R.C. 4123.57(B).[1] Neither party administratively appealed.

**{¶ 8}** A year later, Coleman filed a motion for compensation for statutory permanent total disability under former R.C. 4123.58(C). He alleged that based upon the commission's August 1, 2008 award under R.C. 4123.57(B) for loss of use of his shoulder, he was entitled to compensation for statutory permanent total disability for the loss of use of his right hand and arm.

**{¶ 9}** A staff hearing officer denied his application. The hearing officer concluded that there must be an independent evaluation of the facts for an application under former R.C. 4123.58(C), even if there has been a prior award under R.C. 4123.57(B). Following a review of the medical evidence and the testimony of Coleman, the hearing officer concluded that Coleman had a substantial loss of use of his right arm but that his loss did not rise to the level of a permanent and total loss for purposes of former R.C. 4123.58(C). The commission denied Coleman's request for reconsideration.

**{¶ 10}** Coleman filed a complaint in mandamus in the court of appeals seeking an order requiring the commission to award him compensation for statutory permanent total disability under former R.C. 4123.58(C).

**{¶ 11}** The court of appeals determined that the commission's prior order of August 1, 2008, awarding Coleman 225 weeks of scheduled-loss benefits under R.C. 4123.57(B) for the loss of use due to right shoulder ankylosis implicitly established that Coleman had lost the use of two body parts—his hand and his arm—citing *State ex rel. Thomas v. Indus. Comm.*, 97 Ohio St.3d 37, 2002-Ohio-5306, 776 N.E.2d 62, and *State ex rel. Internatl. Paper v. Trucinski*, 106 Ohio St.3d 203, 2005-Ohio-4557, 833 N.E.2d 728.

---

1. "Ankylosis" refers to total stiffness of a joint.

**{¶ 12}** The court concluded that the loss of use of Coleman's arm could not be relitigated and that the commission was bound by the doctrine of collateral estoppel to issue the award, citing *State ex rel. Kincaid v. Allen Refractories Co.*, 114 Ohio St.3d 129, 2007-Ohio-3758, 870 N.E.2d 701. Accordingly, the court granted the writ.

**{¶ 13}** On June 9, 2011, the commission filed an appeal as of right.[2]

*Analysis*

**{¶ 14}** The commission contends that to establish permanent and total disability under former R.C. 4123.58(C), the claimant must present evidence that the claimant has completely lost the use of each of two body parts, even if there was a prior award under R.C. 4123.57(B), because " 'what is a total loss of use under R.C. 4123.57(B) might not be under R.C. 4123.58(C),' " quoting *State ex rel. Kincaid*, ¶ 18. We agree.

**{¶ 15}** Statutory permanent total disability under R.C. 4123.58(C) arises when a claimant is deemed permanently and totally disabled due to the loss of two enumerated body parts. *State ex rel. Miller v. Indus. Comm.*, 97 Ohio St.3d 418, 2002-Ohio-6664, 780 N.E.2d 268, ¶ 8. At the time of Coleman's injury in 1994, former R.C. 4123.58(C) provided:

> The loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, constitutes

---

2. Coleman died on December 15, 2011. When a claimant dies, an action pending at the time of death is abated by the claimant's death. Ohio Adm.Code 4123-5-21. But when benefits have been allowed or if a claimant has prevailed in court following the claimant's death, the claimant's dependents may be entitled to unpaid accrued benefits, if any. R.C. 4123.60. Because the court of appeals granted the relief Coleman requested, there is no abatement of the action. *State ex rel. Gaddis v. Indus. Comm.*, 133 Ohio St. 553, 15 N.E.2d 146 (1938); *Rogers v. Ford Motor Co.*, 5th Dist. No. 2002CA00340, 2003-Ohio-977, 2003 WL 733891. We exercise jurisdiction over this continuing controversy to determine whether Coleman was entitled to the benefits during his lifetime.

total and permanent disability, to be compensated according to this section. Compensation payable under this section for permanent total disability is in addition to benefits payable under division (B) of section 4123.57 of the Revised Code.[3]

1993 Am.Sub.H.B. No. 107, 145 Ohio Laws, Part II, 3168.

{¶ 16} On the other hand, R.C. 4123.57(B) provides for scheduled-loss compensation that is paid to an injured worker for the loss of a body part as listed in the schedule. *State ex rel. Moorehead v. Indus. Comm.*, 112 Ohio St.3d 27, 2006-Ohio-6364, 857 N.E.2d 1203; *State ex rel. Miller v. Indus. Comm.*, ¶ 7. For the loss or loss of use of an arm, the injured worker is entitled to 225 weeks of compensation.

{¶ 17} Although both R.C. 4123.57(B) and 4123.58(C) involve the loss of or loss of use of one or more body parts, the purposes of the awards differ. *State ex rel. Kincaid*, 114 Ohio St.3d 129, 2007-Ohio-3758, 870 N.E.2d 701, ¶ 9. Thus, the commission must examine the particular provisions of each statute when determining whether a claimant may be entitled to compensation. *Id*.

{¶ 18} Nevertheless, the court of appeals determined that Coleman's award under R.C. 4123.57(B) for the "loss of use of the right shoulder ankylosis" conclusively established the loss of the arm and hand for purposes of statutory permanent total disability under R.C. 4123.58(C). 2011-Ohio-2006, ¶ 29. The court relied on *State ex rel. Thomas*, 97 Ohio St.3d 37, 2002-Ohio-5306, 776 N.E.2d 62, in which this court "declared the hand and arm to be distinct body parts for purposes of 4123.58(C). * * * Consequently, the loss of an entire single

---

3. In 2006, R.C. 4123.58(C) was amended to exclude the loss of a single limb as a basis for statutory permanent total disability.

extremity can equate to the loss of two body parts and statutory [permanent total disability]." *Id*.

{¶ 19} The court of appeals also relied on *State ex rel. Internatl. Paper v. Trucinski*, 106 Ohio St.3d 203, 2005-Ohio-4557, 833 N.E.2d 728, in which we affirmed an award for statutory permanent total disability for the total loss of Trucinski's leg and foot following a previous award under R.C. 4123.57(B) for the total loss of his leg due to amputation. Based on the reasoning in *Thomas,* the loss of his leg equated to loss of the leg and foot.

{¶ 20} Finally, the court of appeals relied on *State ex rel. Kincaid*, 114 Ohio St.3d 129, 2007-Ohio-3758, 870 N.E.2d 701. In that case, Kincaid suffered intermittent episodes of total vision loss as a result of his workplace injury, and we addressed whether his scheduled-loss award for loss of vision under R.C. 4123.57(B) compelled an award for permanent total disability under R.C. 4123.58(C) for the same loss. *Kincaid* noted that implicit in both statutes was that the loss of use must be permanent but that in R.C. 4123.58(C), the loss of use must also be total. *Id*. at ¶ 16. Noting the differences in the statutes, *Kincaid* independently evaluated the evidence in light of the particular requirements for R.C. 4123.58(C) because what may constitute a loss of vision under R.C. 4123.57(B) may not equate to a loss under R.C. 4123.58(C). This is because the same workers' compensation term can have different meanings depending on the context, and "what is a total loss of use under R.C. 4123.57(B) might not be under R.C. 4123.58(C)." *Id*., ¶ 17-18. We concluded that Kincaid's medical evidence, not merely the prior award under R.C. 4123.57(B), supported an additional award under R.C. 4123.58(C).

{¶ 21} In *Thomas*, as well as *Internatl. Paper* and *Kincaid*, the commission's analysis included, as it must, an evaluation of the facts and medical evidence presented. In each case, the medical evidence clearly demonstrated the

loss of the two body parts under R.C. 4123.58(C), independently of any previous award under R.C. 4123.57(B).

{¶ 22} Here, the commission independently evaluated the facts. Following a review of the reports of Drs. Frank, McCloud, and Rohner, and the testimony of Coleman, the commission determined that Coleman had some use of his right arm and hand. Consequently, the evidence did not demonstrate a permanent and total loss of use of both body parts for purposes of former R.C. 4123.58(C).

{¶ 23} We hold that for purposes of former R.C. 4123.58(C), the evidence must demonstrate the actual loss or loss of use of each of the two body parts at issue, and the commission must conduct an independent evaluation of the facts because "what is a total loss of use under R.C. 4123.57(B) might not be under R.C. 4123.58(C)." *State ex rel. Kincaid*, 114 Ohio St.3d 129, 2007-Ohio-3758, 870 N.E.2d 701, ¶ 18.

{¶ 24} Finally, in reaching its result, the court of appeals in this case misapplied *Kincaid* when it held that collateral estoppel compelled the commission to base an award for statutory permanent total disability on the finding of a prior order. Although Kincaid had argued for the application of collateral estoppel, this court did not apply that doctrine. *Id.* at ¶ 9.

*Conclusion*

{¶ 25} We hold that the commission must conduct an independent evaluation of the facts when considering an application for statutory permanent total disability under R.C. 4123.58(C), even in the presence of a prior award under R.C. 4123.57(B) for the same body part or parts.

{¶ 26} Because there was evidence in the record to support the basis for the commission's decision, the commission did not abuse its discretion when it denied the award. Therefore, a writ of mandamus is not warranted. *State ex rel. Avalon Precision Casting Co. v. Indus. Comm.*, 109 Ohio St.3d 237, 2006-Ohio-

2287, 846 N.E.2d 1245, ¶ 9; *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 508 N.E.2d 936 (1987); *State ex rel. Gassmann v. Indus. Comm.*, 41 Ohio St.2d 64, 322 N.E.2d 660 (1975).

{¶ 27} We reverse the judgment of the court of appeals and deny the writ of mandamus.

Judgment reversed

and writ denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Agee, Clymer, Mitchell & Laret and Robert M. Robinson, for appellee.

Michael DeWine, Attorney General, and Sandra E. Pinkerton, Assistant Attorney General, for appellant.

_____