EILEEN A. GALLAGHER, J.:
{¶ 1} This is an appeal brought by appellant Alan Zebrasky ("Alan") from an order of the Cuyahoga County Court of Common Pleas dismissing a workers' compensation appeal filed by his wife, Michelle Zebrasky ("Michelle") on the ground that it abated upon her death. For the reasons that follow, we affirm.
{¶ 2} Michelle filed a workers' compensation claim for injuries she allegedly sustained after she slipped and fell on ice outside of her place of employment in January 2014. Her workers' compensation claim was allowed for a left ankle sprain /strain and lumbar sprain. In March 2015, Michelle filed a motion seeking additional allowances for conditions described as a *272 left labral calcaneus contusion, closed fractures of the left second and third metatarsals, a left calcaneus fracture and left neuritis. Both the district hearing officer and staff hearing officer allowed her additional claim for a left labral calcaneus contusion but disallowed her claim for closed fractures of the left second and third metatarsals, a left calcaneus fracture and left neuritis. Michelle appealed the staff hearing officer's decision to the Industrial Commission of Ohio (the "industrial commission"). On July 7, 2015, the industrial commission issued an order refusing to hear the appeal.[1]
{¶ 3} On July 29, 2015, Michelle commenced this administrative appeal in the Cuyahoga County Common Pleas Court pursuant to R.C. 4123.512, seeking review of the staff hearing officer's decision and requesting a finding that she be permitted to participate in the workers' compensation fund for the disallowed conditions of closed fractures of the left second and third metatarsals, left calcaneus fracture and left neuritis. Her employer, appellee Discount Drug Mart, Inc. ("Discount Drug Mart"), and appellee Administrator, Ohio Bureau of Workers' Compensation (the "BWC") filed answers denying that Michelle sustained the disallowed conditions as a result of her workplace injury and denying that she was entitled to participate in the workers' compensation fund for these additional conditions.
{¶ 4} While her administrative appeal was pending in the common pleas court, Michelle died. On January 13, 2016, Michelle's counsel filed a suggestion of death pursuant to Civ.R. 25(E), indicating that Michelle had died on December 16, 2015. On August 30, 2016, Discount Drug Mart filed a motion to dismiss, asserting that Michelle's workers' compensation claim had abated upon her death. Michelle's counsel opposed the motion, arguing that Alan, as her surviving husband, should be allowed to "continue [her] workers' compensation appeal through R.C. 4123.60" as her dependent. On September 16, 2016, more than nine months after the filing of the suggestion of her death, Michelle's counsel filed a motion to substitute Alan as the real party in interest pursuant to Civ.R. 25(A), asserting that Alan was "entitled to pursue [Michelle's] workers' compensation claim as her dependent in accordance with R.C. 4123.60."[2] That same date, Michelle's counsel filed a motion to consolidate this action with an administrative appeal Alan had previously filed in the common pleas court (Cuyahoga C.P. No. CV-16-8686946) in which he sought judicial review of an industrial commission decision denying his claim for death benefits under R.C. 4123.59.
{¶ 5} On September 23, 2016, the common pleas court granted Discount Drug Mart's motion to dismiss concluding that "[a]n employee-appellant's R.C. 4123 administrative appeal before a court abates with the death of the employee-appellant." The common pleas court ordered the case dismissed with prejudice and indicated that its judgment was final. The common pleas court thereafter entered a journal *273 entry denying Michelle's motion to substitute and motion to consolidate as moot.
{¶ 6} Michelle appealed the common pleas court's decision, raising the following two assignments of error for review:
Assignment of Error I: The trial court erred, as a matter of law, by dismissing this workers' compensation appeal on the grounds that the claim abated upon death.
Assignment of Error II: An abuse of discretion was committed when the unopposed motion to substitute the decedent's dependent was denied as moot.
Although she was deceased, the notice of appeal was filed in Michelle's name, by her counsel. On May 16, 2017, Michelle's counsel filed a motion with this court, requesting that we substitute Alan as the appellant in this appeal pursuant to App.R. 29(A). This court granted the motion to substitute.
Law and Analysis
{¶ 7} As a general rule, Ohio workers' compensation claims abate upon the death of the claimant. See Ohio Adm.Code 4123-5-21(A) ("When a claimant dies, action on any application filed by the claimant, and pending before the bureau of the industrial commission at the time of his death, is abated by claimant's death."); see also Hlatky v. Asplundh Tree Expert Co. , 8th Dist. Cuyahoga No. 63434, 1993 WL 317476 (Aug. 19, 1993) (applying Ohio Adm.Code 4123-5-21(A) and affirming industrial commission's denial of workers' compensation benefits to deceased claimant on the ground that his claim abated due to his death while claim was awaiting action by the district hearing officer and before any award was made). When a claimant appeals a denial of workers' compensation benefits to the common pleas court under R.C. 4123.512, that action likewise abates upon the claimant's death. See, e.g., State ex rel. Hamlin v. Indus. Comm. , 68 Ohio St.3d 21, 22, 623 N.E.2d 35 (1993) (" 'Where there is a denial of benefits to an employee and upon appeal * * * he dies before disposition of the action, the action abates by force of the Workmen's Compensation statutes and the general statutes of abatement and revivor, i.e., R.C. 2311.21 and 2311.26, are inapplicable.' "), quoting Ratliff v. Flowers , 25 Ohio App.2d 113, 116, 266 N.E.2d 848 (4th Dist. 1970) (employee's claim for additional workers' compensation benefits for a subsequent disability allegedly arising from original accident abated where claim was denied and employee died prior to the disposition of his appeal by the common pleas court); see also Hook v. Springfield , 141 Ohio App.3d 260, 264-266, 750 N.E.2d 1162 (2d Dist. 2001) (where employee died while his appeal of industrial commission decision was pending in common pleas court, common pleas court properly dismissed the appeal on the ground that employee's claim for workers' compensation benefits abated at the time of his death); Wallace v. Connor, Admr. Bur. of Workers' Comp. , 8th Dist. Cuyahoga No. 49187, 1985 WL 6837, *1 (June 6, 1985) ("Ohio courts have ruled that the claimant's appeal from an adverse ruling by the industrial commission abates on the claimant's death."); Keeler v. Admr. of the Bur. of Workers' Comp. , 3d Dist. Paulding No. 11-84-18, 1986 WL 11933, *1-*3 (Oct. 17, 1986) (vacating appellate court's prior order granting motion for substitution filed by commissioner of the deceased claimant as improvidently granted on the ground that the action had abated upon the claimant's death). The claim does not abate if the industrial commission allows the claim or if the claimant prevails on appeal to the common pleas court before he or she dies. See, e.g., *274 Leonard Kozak, Deceased v. Homelinks Golf Club, Inc. , 8th Dist. Cuyahoga No. 61662, 1993 WL 27661, *1-*2 (Feb. 4, 1993) ; Wallace at *1-*2. In addition, an employer can pursue an appeal from an industrial commission order that allows benefits, even after the claimant dies. See, e.g., Youghiogheny & Ohio Coal Co. v. Mayfield , 11 Ohio St.3d 70, 464 N.E.2d 133 (1984), syllabus. However, none of these circumstances is present here. Thus, Michelle's claim for additional workers' compensation benefits abated upon her death.
{¶ 8} Alan argues that as Michelle's dependent under R.C. 4123.60, he was entitled to "continue the pursuit" of Michelle's appeal of her claim for additional workers' compensation benefits in the common pleas court. However, Ohio law does not support that assertion.
{¶ 9} R.C. 4123.60 provides in relevant part:
* * * In all cases where an award had been made on account of temporary, or permanent partial, or total disability, in which there remains an unpaid balance, representing payments accrued and due to the decedent at the time of his death, the administrator may, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the administrator determines in accordance with the circumstances in each such case. If the decedent would have been lawfully entitled to have applied for an award at the time of his death the administrator may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the administrator determines in accordance with the circumstances in each such case, but such payments may be made only in cases in which application for compensation was made in the manner required by this chapter, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person.
An order issued by the administrator under this section is appealable pursuant to section 4123.511 of the Revised Code but is not appealable to court under section 4123.512 of the Revised Code.[3]
*275 {¶ 10} Although a deceased claimant's dependents may pursue their own claims under R.C. 4123.60 predicated upon the injury to the claimant, the surviving spouse of a deceased claimant cannot simply "step into the shoes" of the deceased claimant and continue to pursue the deceased claimant's appeal of his or her workers' compensation claim after the claimant's death, based on the spouse's status as a dependent. Battin v. Trumbull Cty. , 11th Dist. Trumbull No. 2000-T-0091, 2001 WL 435348, *2-*3 (Apr. 27, 2001) (specific claim of employee abated upon his death but his death did not bar the individual claims of his dependents under R.C. 4123.60 ). As the Ohio Supreme Court explained in State ex rel. Nicholson v. Copperweld Steel Co. , 77 Ohio St.3d 193, 672 N.E.2d 657 (1996) :
The court of appeals concluded that Charles's [the deceased claimant's] PTD claim abated upon his death, which is true under State ex rel. Hamlin v. Indus. Comm. , 68 Ohio St.3d 21, 22, 623 N.E.2d 35, 36 (1993). The court further held that his surviving spouse had no right under R.C. 4123.60 to "step into * * * [his] shoes" for the purpose of pursuing his claim, and this is also true.
We, however, read the * * * language of R.C. 4123.60 to expressly authorize a deceased worker's dependents' receipt of compensation for which the worker qualified and should have received before death. Indeed, we have already said that where a deceased worker's dependents' claims accrued compensation under R.C. 4123.60, "the award is not personal to the worker because R.C. 4123.60 specifically provides that dependents may recover the compensation the deceased worker was entitled to receive." State ex rel. Nyitray v. Indus. Comm. , 2 Ohio St.3d 173, 177, 443 N.E.2d 962, 966 (1983), fn. 5. For this reason, an R.C. 4123.60 award is similar to a death benefit award under R.C. 4123.59 -both exist separate and apart from the rights of the injured worker. * * *
Marian [the surviving spouse] is not attempting to pursue Charles's PTD claim, which he filed pursuant to R.C. 4123.58, on his behalf. Rather, when Marian filed her application for accrued compensation, she instituted her own claim for compensation Charles could have received, a claim that is expressly sanctioned by R.C. 4123.60. As a result, Marian's claim was not abated by Charles's death-her interests actually arose at that time and, under R.C. 4123.60, they became independently actionable. * * *
Id. at 196-197, 672 N.E.2d 657. Although Alan cites both Battin and Nicholson in his brief, he ignores the distinction these cases draw between a claim filed by a *276 claimant-which abates upon the claimant's death-and claims for benefits subsequently filed by a deceased claimant's dependents under R.C. 4123.60.
{¶ 11} The other cases Alan cites in support of his contention that he, as a dependent of Michelle, should have been permitted to "continue the pursuit" of her appeal in the common pleas court following her death- State ex rel. Liposchak v. Indus. Comm. of Ohio , 90 Ohio St.3d 276, 737 N.E.2d 519 (2000) ; State ex rel. Moorehead v. Indus. Comm. of Ohio , 112 Ohio St.3d 27, 2006-Ohio-6364, 857 N.E.2d 1203 ; State ex rel. Arberia v. Indus. Comm. of Ohio , 10th Dist. Franklin No. 13AP-1024, 2014-Ohio-5351, 2014 WL 6851965, State ex rel. Polyone Corp. v. Indus. Comm. of Ohio , 10th Dist. Franklin No. 12AP-313, 2014-Ohio-1376, 2014 WL 1347105 -are inapposite.[4] Each of those cases involved claims or applications for benefits the decedents' dependents or estates filed after the decedent's death to recover benefits, not the right to continue pursuit of a claimant's appeal of her own claim following her death.[5] In this case, however, the right to continue pursuit of Michelle's appeal of her claim is at issue-a claim that abated upon her death. Alan has not cited any authority in which a dependent was permitted to "step into the shoes of" a deceased claimant, be substituted for the deceased claimant and permitted to pursue the deceased claimant's claim or appeal following the claimant's death.
{¶ 12} Because Michelle's claim abated upon her death, the common pleas court did not abuse its discretion in denying her motion for substitution under Civ.R. 25. Civ.R. 25(A)(1) provides:
If a party dies and the claim is not thereby extinguished , the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and shall be served on the parties as provided in Civ.R. 5 and upon persons not parties in the manner provided in Civ.R. 4 through Civ.R. 4.6 *277 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.
(Emphasis added.)
{¶ 13} Civ.R. 25(A)(1) did not permit substitution because Michelle's claim was "extinguished" upon her death. Furthermore, Michelle's motion to substitute was filed with the common pleas court well beyond the 90-day time limit permitted under Civ.R. 25(A)(1). No explanation was provided for the delay and no request was made to extend the 90-day period for filing a motion for substitution under Civ.R. 6(B).
{¶ 14} Alan's assignments of error are overruled.
{¶ 15} Judgment affirmed.
KATHLEEN ANN KEOUGH, A.J., and MARY J. BOYLE, J., CONCUR

Although Michelle asserted both in her original complaint and her amended complaint that copies of the orders issued by the district hearing officer, staff hearing officer and industrial commission are attached to those pleadings, these orders are not, in fact, attached to the complaint or amended complaint that is in the record.

There is nothing in the record to indicate who, if anyone, was appointed as the representative of Zebrasky's estate. Alan sought to be substituted as a party solely in his capacity as a dependent under R.C. 4123.60 ; he was not seeking to be substituted as the representative of Zebrasky's estate.

Alan asserts that the "outdated authorities" discussed in paragraph seven, supra , should be disregarded because they "were rendered prior to the latest revisions to R.C. 4123.60" in 1993. He does not, however, explain how or why he believes the revisions made to R.C. 4123.60 in 1993 undermined these decisions regarding abatement. The prior version of R.C. 4123.60 stated, in relevant part:
* * * In all cases of death from causes other than the injury or occupational disease for which award had theretofore been made on account of temporary, or permanent partial, or total disability, in which there remains an unpaid balance, representing payments accrued and due to the decedent at the time of his death, the commission may, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission determines in accordance with the circumstances in each such case. If the decedent would have been lawfully entitled to have made application for an award at the time of his death the commission may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission determines in accordance with the circumstances in each such case, but such payments may be made only in cases in which application for compensation was made in the manner required by sections 4123.01 to 4123.94 of the Revised Code, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person.
In his brief, Alan highlights the language in R.C. 4123.60"to have applied for an award at the time of his death" and "which the decedent might have received, but for his death." However, similar language was in the prior version of the statute as well. Other than minor language revisions and the substitution of "administrator" for "commission," the only changes to R.C. 4123.60 in 1993 were (1) elimination of the requirement that the claimant's death be "from causes other than the injury or occupational disease" on which the award is based to recover under R.C. 4123.60 and (2) the addition of language indicating that an order issued by the administrator under R.C. 4123.60 is appealable to the industrial commission under R.C. 4123.511 but not appealable to the court of common pleas under R.C. 4123.512. These revisions do not impact the abatement issue that is the subject of this appeal.

To further support his position, Alan cites State ex rel. Johnston v. Ohio Bur. of Workers' Comp. , 92 Ohio St.3d 463, 751 N.E.2d 974, claiming that it "highlight[s] the gradual erosion of the abatement rule." In Johnston , the Ohio Supreme Court held that where an employee and employer filed a joint application for approval of a lump-sum settlement with the BWC pursuant to R.C. 4123.65, the claimant's right to the settlement payment was subject to abatement upon the claimant's death until the settlement was approved by the administrator under Ohio Adm.Code 4123-5-21(A). Id. at 470, 751 N.E.2d 974. The court, however, recognized an exception to the abatement rule where the administrator failed to process the application for approval of the settlement within a reasonable period of time. Id. at 475, 751 N.E.2d 974. That is not the situation here.
Alan maintains that the Ohio Supreme Court "struck" "[t]he final death blow" to the abatement rule in a footnote in State ex rel. Coleman v. Indus. Comm. of Ohio , 136 Ohio St.3d 77, 2013-Ohio-2406, 990 N.E.2d 585. However, in Coleman , the Ohio Supreme Court expressly recognized that "[w]hen a claimant dies, an action pending at the time of death is abated by the claimant's death." Id. at ¶ 13, fn.2, citing Ohio Adm.Code 4123-5-21. In that case, the claimant had prevailed in the court of appeals before he died. The industrial commission was appealing the court of appeals' issuance of a writ of mandamus ordering the commission to grant the claimant's request to award him compensation for statutory permanent total disability under former R.C. 4123.58(C). Id. at ¶ 1. Accordingly, the court found that there was no abatement of his claim. Id. at ¶ 13, fn.2.

Further, as noted above, R.C. 4123.60 expressly provides that an order issued by the administrator with respect to a claim under R.C. 4123.60 is appealable to the industrial commission pursuant to R.C. 4123.511 but is not appealable to the common pleas court under R.C. 4123.512.