[Cite as *State ex rel. Byk v. Indus. Comm.*, 2022-Ohio-136.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Bohdanus Byk, | : | |
| [Pin Cha Byk, Executrix of the | | |
| Estate of Bohdanus Byk], | : | |
| | | |
| Relator, | : | No. 15AP-992 |
| | | |
| v. | : | (REGULAR CALENDAR) |
| | | |
| Industrial Commission of Ohio et al., | : | |
| | | |
| Respondents. | : | |

D E C I S I O N

Rendered on January 20, 2022

**On brief:** *Dean R. Wagner,* and *Vincent J. DeLorenzo,* for relator.

**On brief:** *Dave Yost,* Attorney General, and *John R. Smart,* for respondent Industrial Commission of Ohio.

**On brief:** *Morrow & Meyer, LLC,* and *Tod T. Morrow,* for respondent Republic Steel.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, P.J.

{¶ 1} Relator, Pin Cha Byk, Executrix of the Estate of Bohdanus Byk, initiated this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate an order denying scheduled loss-of-use benefits to her now-deceased husband, Bohdanus Byk, under R.C. 4123.57(B). The claim for scheduled loss-of-use benefits related to Bohdanus Byk's employment with respondent, Republic Steel.

{¶ 2}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate of this court.  The magistrate issued the appended decision, including findings of fact and conclusions of law.  The magistrate determined that because Bohdanus Byk had died prior to commencing the mandamus action, his claim for workers' compensation benefits abated and he lacked standing to initiate the mandamus action.  Additionally, the magistrate found Pin Cha Byk had no right to step into Bohdanus Byk's shoes and continue the action.  Instead, the magistrate determined that Pin Cha Byk's sole remedy was in her ongoing R.C. 4123.60 proceedings. Thus, the magistrate recommended this action be dismissed pursuant to Civ.R. 12(B)(1).

{¶ 3}   Pin Cha Byk has filed objections to the magistrate's decision.  Therefore, we must independently review the decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).  Pin Cha Byk does not challenge the magistrate's recitation of the pertinent facts; however, she objects to the magistrate's conclusion that the action must be dismissed.  More specifically, Pin Cha Byk asserts the magistrate erred in (1) finding that the deceased injured worker lacked standing to initiate the mandamus action pursuant to Ohio Adm.Code 4123-5-21(A); (2) finding that the estate of the deceased injured worker lacked standing to pursue mandamus for compensation that accrued prior to the injured worker's death; and (3) failing to address whether the commission abused its discretion when it denied the request for compensation under R.C. 4123.57(B).

{¶ 4}   A brief summary of the factual circumstances is pertinent to our discussion. Bohdanus Byk suffered a workplace injury in 2012 and he was eventually left in a persistent and permanent vegetative state.  Bohdanus Byk's initial workers' compensation claim was recognized for certain conditions.  Subsequently, Bohdanus Byk sought scheduled loss-of-use compensation under R.C. 4123.57(B) for complete loss of use of his bilateral upper and lower extremities. After a district hearing officer ("DHO") initially granted the compensation, Republic Steel appealed, and a staff hearing officer ("SHO") vacated the DHO's order and denied the scheduled loss-of-use compensation but granted several additional allowed conditions.  Bohdanus Byk appealed the SHO's order, and, by order dated April 29, 2014, the commission denied Bohdanus Byk's appeal.  Bohdanus Byk then filed a complaint in mandamus with this court on March 6, 2015 seeking review of the

commission's order.  Subsequently, on May 3, 2015, Bohdanus Byk died, and the complaint was voluntarily dismissed on May 8, 2015.

{¶ 5}   The present mandamus action then commenced in the name of Bohdanus Byk on October 29, 2015.  Counsel filed a suggestion of death for Bohdanus Byk on November 12, 2015 and moved to substitute Bohdanus Byk's wife, Pin Cha Byk, executrix of Bohdanus Byk's estate, as relator in the action.  This court granted the substitution. Simultaneously, Pin Cha Byk has pursued a claim to obtain unpaid benefits, including the scheduled loss-of-use benefits, that accrued during Bohdanus Byk's lifetime pursuant to R.C. 4123.60.  Pin Cha Byk's R.C. 4123.60 claim is the subject of a separate mandamus action initiated under her name and currently pending before this court.  *State ex rel. Pin Cha Byk v. Indus. Comm.*, 10th Dist. No. 17AP-511 (July 18, 2017 Compl.).  Despite her separate action under R.C. 4123.60, Pin Cha Byk argues the magistrate erroneously concluded that Bohdanus Byk and/or his estate lacked standing to pursue the present mandamus action.

{¶ 6}   As the magistrate noted, generally when there has been a denial of benefits to an employee and the employee dies before disposition of the action, " 'the action abates by force of the Workmen's Compensation statutes and the general statutes of abatement and revivor * * * are inapplicable.' " *State ex rel. Hamlin v. Indus. Comm.*, 68 Ohio St.3d 21, 22 (1993), quoting *Ratliff v. Flowers*, 25 Ohio App.2d 113, 116 (4th Dist.1970).  Though acknowledging this general rule, Pin Cha Byk asserts the rule does not apply to these particular circumstances.  In support, Pin Cha Byk relies on Ohio Adm.Code 4123-5-21(A), which provides that "[w]hen a claimant dies, action on any application filed by the claimant, and pending before the bureau of workers' compensation or the industrial commission at the time of his death, is abated by claimant's death."  Based on this language, Pin Cha Byk argues that an application for benefits abates only if the application is pending before the Bureau of Workers' Compensation or the commission at the time of the claimant's death. Because the commission had already denied Bohdanus Byk's claim for scheduled loss-of-use benefits before he died, Pin Cha Byk would have us construe his claim as not pending at the time of his death and thus not subject to abatement under Ohio Adm.Code 4123-5-21.

{¶ 7} Pin Cha Byk's argument misconstrues the magistrate's decision. The magistrate did not, as Pin Cha Byk suggests, rely solely on Ohio Adm.Code 4123-5-21(A) as the authority upon which to find Bohdanus Byk's action had abated. Instead, the magistrate noted the administrative code provision along with other relevant case law indicating that an action abates where there is a denial of benefits to an employee and the employee dies " 'before *disposition* of the action.' " (Emphasis added.) *State ex rel. Hamlin* at 22, quoting *Ratliff* at 116; *Bozzelli v. Indus. Comm.*, 122 Ohio St. 201 (1930) (a claimant's appeal from an adverse ruling by the commission abates on the claimant's death).

{¶ 8} Nonetheless, Pin Cha Byk would have us construe Bohdanus Byk's claim for scheduled loss-of-use benefits as already having been fully adjudicated at the time of his death and, thus, not subject to the general rule of abatement. Again, however, the case law does not support her argument. *See State ex rel. Petroff v. Indus. Comm.*, 127 Ohio St. 65, 68 (1933) (where an injured worker's claim has "never been reduced to judgment" but instead has "simply been rejected by the Industrial Commission," the executor of the injured worker's estate cannot pursue mandamus to challenge the denial of the injured worker's claim). There are two circumstances under which a deceased worker's claim does not abate upon the worker's death: (1) where the commission has allowed the claim, and (2) where the claimant has successfully prevailed in court on a challenge to the commission's denial of the claim *before* the claimant dies. *Zebrasky v. Discount Drug Mart, Inc.*, 8th Dist. No. 105087, 2017-Ohio-4446, ¶ 7; *Rodgers v. Ford Motor Co.*, 5th Dist. No. 2002CA00340, 2003-Ohio-977, ¶ 13, citing *Estate of Orecny v. Ford Motor Co.*, 109 Ohio App.3d 462, 467 (8th Dist.1996). The present case does not present either of these two circumstances. Here, the commission denied Bohdanus Byk's claim for scheduled loss-of-use payments and he did not successfully challenge the commission's denial of his claim during his lifetime.

{¶ 9} Pin Cha Byk attempts to distinguish the case law on the grounds that many of those cases involved appeals to the common pleas court under R.C. 4123.512 while the instant case presents a challenge to the commission's decision through an original action in mandamus. However, we find the distinction is not relevant here. As the Supreme Court of Ohio noted in *State ex rel. Nicholson v. Copperweld Steel Co.*, 77 Ohio St.3d 193 (1996), when an injured worker's claim abates upon his death, a deceased spouse cannot "pursue"

an injured worker's claim on his behalf. *Id.* at 196. Both an appeal to the common pleas court under R.C. 4123.512 and an original action in mandamus following denial by the commission are mechanisms for a claimant to continue to pursue a claim for workers' compensation benefits. Pin Cha Byk points to no compelling reason that a denial of benefits being appealed to a common pleas court would abate upon the death of the claimant but a denial of benefits challenged through mandamus would not. *See State ex rel. Petroff* at 68 (where an injured worker's claim was rejected by the commission, the executor of the estate cannot pursue the claim on behalf of the estate after the worker's death, and "[m]andamus will not issue to compel the doing of a vain thing"); *State ex rel. Navistar, Inc. v. Indus. Comm.*, 160 Ohio St.3d 7, 2020-Ohio-712, ¶ 10 (in an employer's challenge to an adverse decision by the commission, the distinction between a direct appeal to the court of common pleas under R.C. 4123.512 and an original action in mandamus "is of no import" because the underlying reasoning on abatement after an employee's death "applies equally to a mandamus action").

{¶ 10} Thus, we agree with the magistrate that because Bohdanus Byk died after the commission denied his claim for scheduled loss-of-use payments but before Bohdanus Byk successfully challenged the commission's denial, his claim for scheduled loss-of-use benefits abated at the time of his death. *State ex rel. Hamlin* at 22; *Zebrasky* at ¶ 7. Similarly, we agree with the magistrate that because Bohdanus Byk's claim for scheduled loss-of-use payments abated upon his death, his estate could not pursue the claim on his behalf. *State ex rel. Nicholson* at 196 (an injured worker's claim for permanent total disability payments abated upon his death, and the deceased injured worker's surviving spouse had no right to pursue the deceased injured worker's claim on his behalf); *State ex rel. Petroff* at paragraph one of the syllabus ("[u]nder the Workmen's Compensation Law, the administrator of a deceased employee cannot maintain an action to recover from the state insurance fund additional disability benefits on behalf of his decedent for which an award has not theretofore been made"); *Rodgers* at ¶ 18 (where a claimant's claim "was denied at each and every level of the Industrial Commission and no compensation had ever been awarded to her," the claim abated upon her death and the estate could not continue to pursue the claim on the deceased worker's behalf). Thus, we agree with the magistrate

that Bohdanus Byk and/or his estate lacked standing to bring the instant mandamus action, and dismissal is warranted.

{¶ 11} Pin Cha Byk argues that if we conclude that Bohdanus Byk lacked standing to initiate this mandamus action after his death, then she, as representative of Bohdanus Byk's estate, is being denied judicial review of a final order of the commission. We do not agree. As the magistrate noted, R.C. 4123.60 specifically provides an opportunity for Pin Cha Byk to make a claim to the commission that Bohdanus Byk was lawfully entitled to the scheduled loss-of-use benefits. *See* R.C. 4123.60 (providing "[i]f the decedent would have been lawfully entitled to have applied for an award at the time of his death the administrator may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent * * * as the administrator determines in accordance with the circumstances of each case"). Thus, Pin Cha Byk's remedy, as the magistrate concluded, is in her R.C. 4123.60 action. *Zebrasky* at ¶ 10 ("[a]lthough a deceased claimant's dependents may pursue their own claims under R.C. 4123.60 predicated upon the injury to the claimant, the surviving spouse of a deceased claimant cannot simply 'step into the shoes' of the deceased claimant and continue to pursue the deceased claimant's appeal of his or her workers' compensation claim after the claimant's death"), quoting *Battin v. Trumbull Cty.*, 11th Dist. No. 2000-T-0091, 2001 Ohio App. LEXIS 1934 (Apr. 27, 2001); *State ex rel. Manns*, 39 Ohio St.3d 188, 190 (1988) ("[t]he right of an injured employee to recover exists separate and apart from that of a dependent," and "[a] surviving spouse wishing to participate in the State Insurance Fund must initiate a separate claim"). *See also Vincent v. Wheeling Pittsburgh Steel Corp.*, 7th Dist. No. 99-JE-7, 1999 Ohio App. LEXIS 3662 (July 27, 1999) (an abated workers' compensation claim will not have collateral estoppel implications in the surviving spouse's R.C. 4123.60 action).

{¶ 12} Having concluded that the magistrate did not err in the conclusion that Bohdanus Byk and/or his estate lacked standing to bring the mandamus action, we additionally find the magistrate did not err in failing to address whether the commission abused its discretion in denying the claim for scheduled loss-of-use benefits as the claim had abated and any review of the commission's denial of the benefits would have resulted

in an advisory opinion. Therefore, we overrule Pin Cha Byk's objections to the magistrate's decision.

{¶ 13} Following our independent review of the record pursuant to Civ.R. 53, we find the magistrate correctly determined that Bohdanus Byk lacked standing to initiate the mandamus action, that Pin Cha Byk cannot pursue the mandamus action on his behalf but has a remedy in her ongoing R.C. 4123.60 proceedings, and that the instant mandamus action must be dismissed. Accordingly, we adopt the magistrate's decision as our own, including factual findings and conclusions of law. Having overruled Pin Cha Byk's objections to the magistrate's decision, we dismiss the petition for writ of mandamus pursuant to Civ.R. 12(B)(1).

*Objections overruled;*
*petition for writ of mandamus dismissed.*

DORRIAN and MENTEL, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Bohdanus Byk, | : | |
| [Pin Cha Byk, Executrix of the | | |
| Estate of Bohdanus Byk], | : | |
| | | |
| Relator, | : | |
| | | |
| v. | : | No. 15AP-992 |
| | | |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| | | |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 26, 2021

*Dean R. Wagner,* and *Vincent J. DeLorenzo,* for relator.

*Dave Yost,* Attorney General, and *John R. Smart,* for respondent Industrial Commission of Ohio.

*Morrow & Meyer, LLC,* and *Tod T. Morrow,* for respondent Republic Steel.

IN MANDAMUS

{¶ 14} This mandamus action commenced on October 29, 2015 with a complaint naming Bohdanus Byk, the injured worker and claimant before the Industrial Commission of Ohio ("commission"), as relator. The complaint seeks a writ of mandamus ordering respondent commission to vacate an order denying scheduled loss-of-use benefits under R.C. 4123.57(B).

Findings of Fact:

{¶ 15} 1. Bohdanus Byk suffered severe brain injuries on August 20, 2012 in the course of and arising out of his employment with respondent Republic Steel. Although the full scope of his injuries was not immediately felt, his condition worsened despite surgery to relieve brain swelling and Bohdanus Byk was soon left in a persistent and permanent vegetative state.

{¶ 16} 2. Bohdanus Byk's workers' compensation claim was recognized for the following conditions after initial proceedings before the commission:

> Subarachnoid hemorrhage; subdural hemorrhage; intracranial hemorrhage; fracture left ribs 3-6; subdural hematoma; intraparenchymal hematoma; subarachnoid hemorrhage with significant traumatic brain injury status post-decompressive craniotomy with resultant persistent vegetative state; neuralgic bowel; bladder disfunction; chronic respiratory failure; loss of use of right upper extremity; loss of use of left upper extremity; loss of use of right lower extremity; loss of use of left lower extremity.

(Staff Hearing Officer's ("SHO") Report, Stip. at 38).

{¶ 17} 3. Bohdanus Byk pursued compensation under R.C. 4123.57(B) for scheduled loss of use reflecting complete loss of use of bilateral upper and lower extremities, which was initially granted by an order issued by a district hearing officer ("DHO") mailed February 18, 2014 as reflected in the above list of allowed conditions reviewed by the SHO. (Stip. at 16-19.)

{¶ 18} 4. Republic Steel appealed, and the matter was heard before the SHO, who issued an order mailed April 8, 2014 vacating the DHO's order and denying the scheduled loss-of-use compensation but granting the following additional allowed conditions:

> It is the order of the Staff Hearing Officer that this claim is additionally allowed for Subdural hematoma, intraparenchymal hematoma, subarachnoid hemorrhage with significant traumatic brain injury status post-decompressive craniotomy with resultant persistent vegetative state, neuralgic bowel, bladder dysfunction, and chronic respiratory failure.

(Staff Hearing Officer's ("SHO") Report, Stip. at 38).

{¶ 19} 5. Bohdanus Byk filed a complaint in mandamus with this court on March 6, 2015 seeking review of the SHO's order. That complaint was voluntarily dismissed on May 8, 2015. *State ex rel. Byk v. Indus. Comm.*, 10th Dist. No. 15AP-157 (May 13, 2015 Journal Entry of Dismissal).

{¶ 20} 6. Bohdanus Byk died May 3, 2015.

{¶ 21} 7. The present mandamus action was commenced in the name of Bohdanus Byk by complaint filed October 29, 2015.

{¶ 22} 8. On November 12, 2015, counsel filed a suggestion of death for Bohdanus Byk and moved to substitute his widow, Pin Cha Byk, executrix of Bohdanus Byk's estate, as relator in the action. By entry of November 13, 2015, this court granted the motion and substituted Pin Cha Byk as relator pursuant to Civ.R. 25(A).

{¶ 23} 9. Pin Cha Byk has simultaneously pursued an R.C. 4123.60 claim before the commission in her capacity as a dependent of the deceased claimant to obtain unpaid benefits, including the scheduled loss-of-use benefits. The commission's determinations in those separate administrative proceedings are not mentioned in the current 2015 mandamus complaint, and Pin Cha Byk has pursued a separate mandamus action initiated under her name before this court under case No. 17AP-511, currently pending, to address the outcome of those proceedings.

{¶ 24} 10. The current matter proceeded intermittently with partial briefing and delays suggested by the possibility of the parties reaching a settlement and stays to await the outcome of the R.C. 4123.60 proceedings before the commission. The matter returned to the active docket in 2021 and was heard before the magistrate on June 25, 2021.

{¶ 25} 11. On June 24, 2021, the eve of oral argument, new counsel for Pin Cha Byk filed a motion for leave for Pin Cha Byk to intervene in her personal capacity and proposed a third-party complaint.

{¶ 26} 12. The magistrate verbally denied the motion to intervene at oral argument, confirmed by order issued June 25, 2021, at which time the magistrate also requested additional briefing on limited issues due to the lapse of time between filing of the action and submission to the court.

{¶ 27} 13. The parties have submitted additional briefing and the matter is now submitted for decision.

Discussion and Conclusions of Law:

{¶ 28} The magistrate finds that Bohdanus Byk, then deceased, lacked standing to initiate this mandamus action because, with a few specific exceptions not applicable here, as a general rule Ohio's workers' compensation claims abate upon the death of the claimant. The magistrate further finds that this court's substitution of Pin Cha Byk as relator in the present action, ordinarily a ministerial matter pursuant to Civ.R. 25(A), was improvident because substitution cannot remedy a lack of standing by the party commencing the action in mandamus.

{¶ 29} The general principle in Ohio is that " 'where there is a denial of benefits to an employee and upon appeal * * * he dies before disposition of the action, the action abates by force of the Workmen's Compensation statutes and the general statutes of abatement and revivor * * * are inapplicable.' " *State ex rel. Hamlin v. Indus. Comm.,* 68 Ohio St.3d 21 (1993), quoting *Ratliff v. Flowers,* 25 Ohio App.2d 113, 116 (4th Dist.1970). This applies whether the claim is still pending in administrative proceedings or has continued in a mandamus action or appeal to court of common pleas. *Id.*; *State ex rel. Nicholson v. Copperweld Steel Co.,* 77 Ohio St.3d 193 (1996). This reflects the principle that workers' compensation benefits in Ohio are generally uninheritable. *State ex rel. Johnston v. Ohio Bureau. of Workers' Comp.,* 92 Ohio St.3d 463 (2001).

{¶ 30} While the claimant's death will abate the original claim in his name, it does not extinguish all rights for the claimant's dependents. Under R.C. 4123.59, dependents may apply for death benefits, which accrue separate and apart from benefits available from the decedent's claim proper. In addition, R.C. 4123.60 provides that the claimant's dependents may pursue payment of benefits that had accrued but remained unpaid at the time of death. Such an R.C. 4123.60 claim can address either benefits awarded in administrative proceedings but not yet paid, or benefits initially denied but for which the injured worker retained an avenue of redress in further administrative proceedings or in mandamus. *Nicholson*, supra. As set forth in the findings of fact above, Pin Cha Byk has,

in fact, pursued an R.C. 4123.60 claim for denied benefits in parallel with the current proceedings addressed in this mandamus action.

{¶ 31} This R.C. 4123.60 claim is the proper action available to Pin Cha Byk subsequent to her husband's death:

> Although a deceased claimant's dependents may pursue their own claims under R.C. 4123.60 predicated upon the injury to the claimant, the surviving spouse of a deceased claimant cannot simply "step into the shoes" of the deceased claimant and continue to pursue the deceased claimant's appeal of his or her workers' compensation claim after the claimant's death, based on the spouse's status as a dependent. *Battin v. Trumbull Cty.*, 11th Dist. Trumbull No. 2000-T-0091, 2001 Ohio App. LEXIS 1934, *6-*8 (Apr. 27, 2001) (specific claim of employee abated upon his death but his death did not bar the individual claims of his dependents under R.C. 4123.60).

*Zebrasky v. Discount Drug Mart, Inc.*, 8th Dist. No. 105087, 2017-Ohio-4446, ¶ 10, also citing *Nicholson*. Furthermore, the Supreme Court of Ohio in *Nicholson* was careful to point out that the surviving spouse does not lack a remedy:

> We, however, read the emphasized language of R.C. 4123.60 to expressly authorize a deceased worker's dependents' receipt of compensation for which the worker qualified and should have received before death. * * * [A]n R.C. 4123.60 award is similar to a death benefit award under R.C. 4123.59 — both exist separate and apart from the rights of the injured worker.

*Nicholson* at 196-97.

{¶ 32} The spouse in *Nicholson*, the Supreme Court held, pursued the proper administrative remedy because she was:

> [N]ot attempting to pursue [decedent's] PTD claim, which he filed pursuant to R.C. 4123.58, on his behalf. Rather, when Marian filed her application for accrued compensation, she instituted her own claim for compensation [decedent] could have received, a claim that is expressly sanctioned by R.C. 4123.60. As a result, Marian's claim was not abated by [decedent's] death -- her interests actually arose at that time and, under R.C. 4123.60, they became independently actionable.

*Id.* at 197; *see also, State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 282 (2000).

{¶ 33} The rule on abatement is currently quite clearly expressed in the Administrative Code:

> When a claimant dies, action on any application filed by the claimant, and pending before the bureau of workers' compensation or the industrial commission at the time of his death, is abated by claimant's death.

Ohio Adm.Code 4123-5-21(A); *see also, State ex rel. White v. Internatl. House of Pancakes*, 10th Dist. No. 13AP-285, 2014-Ohio-412; and *Zabrasky* (right-to-participate action under R.C. 4123.512 was pending before court of common pleas when claimant died, but action abated and surviving spouse could not be substituted before court of common pleas).

{¶ 34} Respondents concede that an exception to the above rule exists in that an action will not abate where it is the employer that challenges the existing award of benefits in favor of the claimant. *State ex rel. Navistar, Inc. v. Indus. Comm.,* 160 Ohio St.3d 7, 2020-Ohio-712. Because it was the claimant who challenged an unfavorable outcome in administrative proceedings, that exception would not apply here.

{¶ 35} It is therefore the decision and recommendation of the magistrate that Bohdanus Byk lacked standing to initiate the present mandamus action, that Pin Cha Byk accordingly had no right to step into his shoes and continue the action because her sole remedy lay in her ongoing R.C. 4123.60 proceedings, and the present mandamus action must be dismissed pursuant to Civ.R. 12(B)(1).

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).