[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Byk v. Indus. Comm.*, Slip Opinion No. 2025-Ohio-2044.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2044

THE STATE EX REL. BYK, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Byk v. Indus. Comm.*, Slip Opinion No. 2025-Ohio-2044.]

*Workers' compensation—Scheduled-loss compensation—R.C. 4123.57(B) and 4123.60—Under plain language of R.C. 4123.60, dependent of injured worker not entitled to scheduled-loss compensation when she failed to establish that decedent would have been "lawfully entitled to have applied" a second time for loss of use of his bilateral upper and lower extremities—Judgment reversed and writ denied.*

(No. 2024-0695—Submitted February 11, 2025—Decided June 11, 2025.)

APPEAL from the Court of Appeals for Franklin County, No. 17AP-511, 2024-Ohio-1598.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER,

DEWINE, DETERS, HAWKINS, and SHANAHAN, JJ. BRUNNER, J., did not participate.

**Per Curiam.**

{¶ 1} Appellant Industrial Commission of Ohio denied scheduled-loss compensation under R.C. 4123.57(B) and 4123.60 to appellee, Pin Cha Byk ("Byk"), the surviving spouse of Bohdanus Byk ("decedent"), who was left in a persistent vegetative state and ultimately died as a result of a workplace accident. The Tenth District Court of Appeals granted a limited writ of mandamus ordering the commission to vacate its order denying Byk's motion for scheduled-loss compensation and issue a new order adjudicating the merits of her claim. The commission and decedent's former employer, appellant Republic Steel, appealed.

{¶ 2} For the reasons explained below, we reverse the court of appeals' judgment and deny the writ.

## I. BACKGROUND

{¶ 3} This case involves multiple proceedings before the commission and the Tenth District, some of which occurred simultaneously. For ease of reference, we discuss the facts relating to each proceeding separately, rather than in chronological order.

### A. Decedent's Claim for Scheduled-Loss Compensation

{¶ 4} On August 20, 2012, decedent sustained severe head injuries while working for Republic Steel. After surgery, he remained in a persistent vegetative state for nearly three years until his death on May 3, 2015. Before his death, decedent's workers' compensation claim was allowed for several conditions, including multiple hematomas, "subarachnoid hemorrhage with significant traumatic brain injury status post-decompressive craniotomy with resultant persistent vegetative state," bowel and bladder dysfunction, and respiratory failure.

{¶ 5} Decedent also sought scheduled-loss compensation under R.C. 4123.57(B), which authorizes payments in weekly installments to a claimant for the

2

loss or loss of use of certain body parts. For example, for the loss of an arm, an injured worker receives 225 weeks of compensation at the statewide average weekly wage, and for the loss of a leg, an injured worker receives 200 weeks of compensation at the same average weekly wage. *Id.* Decedent sought compensation for the alleged loss of use of his bilateral upper and lower extremities (i.e., his arms, hands, legs, and feet).

{¶ 6} After a February 18, 2014 hearing, a district hearing officer ("DHO") for the commission granted decedent's motion for scheduled-loss compensation based on the conclusion in a medical-examination report that he had permanently lost the use of his bilateral upper and lower extremities "due to a persistent vegetative state."

{¶ 7} On the same day as the hearing before the DHO, we issued our decision in *State ex rel. Smith v. Indus. Comm.*, holding that R.C. 4123.57(B) does not permit an award of scheduled-loss compensation for the loss of vision or hearing when the medical evidence shows that the inability to comprehend sights or sounds results from a lack of brain function, rather than an injury to the eyes or ears. 2014-Ohio-513, ¶ 2, 18-19.

{¶ 8} Republic Steel appealed the DHO's order awarding decedent scheduled-loss compensation, arguing that our holding in *Smith* applies to claims involving the bilateral upper and lower extremities when the medical evidence shows that the loss of function in those extremities is caused by brain injury, rather than direct injury to the affected body parts.

{¶ 9} On April 8, 2014, a staff hearing officer ("SHO") agreed with Republic Steel's position, vacated the DHO's order, and found that decedent was not entitled to the requested scheduled-loss compensation. The SHO noted that decedent sought compensation for the loss of use of his bilateral upper and lower extremities caused by the loss of brain function but that based on the reasoning in

*Smith*, "R.C. 4123.57(B) does not authorize compensation for the loss of brain stem functioning."

{¶ 10} The commission declined to accept decedent's appeal of the SHO's order, which thus became the commission's final order. *See* R.C. 4121.35(C) ("The decision of a[n] [SHO] . . . is the decision of the commission . . . unless the commission hears an appeal . . . .").

## B. Decedent's Mandamus Actions

{¶ 11} On March 6, 2015, decedent filed a mandamus action in the Tenth District challenging the commission's order denying his motion for scheduled-loss compensation. *See State ex rel. Byk v. Indus. Comm.*, 2022-Ohio-136, ¶ 4 (10th Dist.). However, less than two months later, decedent died, and that mandamus complaint was voluntarily dismissed. *See id.*

{¶ 12} In October 2015, decedent's counsel filed another mandamus action, and the Tenth District granted counsel's request to substitute Byk, in her capacity as the executor of decedent's estate, as relator. *Id.* at ¶ 5. The court of appeals later dismissed the case, holding that decedent's claim for scheduled-loss compensation abated upon his death and that the estate lacked standing to pursue the action on his behalf. *Id.* at ¶ 10, 13.

{¶ 13} Byk appealed to this court, but we dismissed her appeal when she failed to prosecute it. *State ex rel. Byk v. Indus. Comm.*, 2022-Ohio-1002.

## C. Byk's Claim for Scheduled-Loss Compensation

{¶ 14} On April 21, 2016—while the estate's mandamus action was pending in the Tenth District—Byk filed a motion with the commission requesting scheduled-loss compensation as decedent's surviving spouse under R.C. 4123.57(B) and 4123.60 for the same loss of use that decedent had alleged prior to his death. A DHO denied Byk's motion, and an SHO affirmed that order.

{¶ 15} The commission accepted Byk's administrative appeal and, after a hearing, affirmed the SHO's order. The commission noted that decedent's request

4

for scheduled-loss compensation had been adjudicated in a 2014 final order and thus concluded that decedent's "entitlement to the loss-of-use award ha[d] already been determined and denied, and based on [that] action, there [was] no award for the loss of use of the extremities he would be entitled to and . . . [t]herefore, there [was] no entitlement award or accrued compensation payable pursuant to R.C. 4123.6[0] to the Surviving Spouse."

### D. Byk's Mandamus Action

{¶ 16} In July 2017, Byk filed the instant mandamus action in the Tenth District, seeking a writ of mandamus compelling the commission to reverse its decision and grant her motion for scheduled-loss compensation as decedent's surviving spouse. The Tenth District referred the matter to a magistrate, who recommended that the court deny the writ. 2024-Ohio-1598, ¶ 117 (10th Dist.). The magistrate found that decedent's scheduled-loss claim did not preclude Byk from pursuing her own scheduled-loss claim. *Id*. at ¶ 111. However, the magistrate concluded that Byk had failed to establish that the commission had a clear legal duty to award scheduled-loss compensation when the record indicated that any loss of use of decedent's bilateral upper and lower extremities was solely the result of his severe brain injury. *Id.* at ¶ 116. The commission, Republic Steel, and Byk filed objections to the magistrate's decision.

{¶ 17} The Tenth District agreed with the magistrate that Byk was not precluded from applying for scheduled-loss compensation as a surviving spouse. *Id.* at ¶ 48-49, 69-70. However, it found that the magistrate should not have adjudicated the substantive merits of Byk's scheduled-loss claim, because the commission had not yet done so. *Id*. at ¶ 71-73. Therefore, the court of appeals granted a limited writ directing the commission to vacate its order and issue a new order adjudicating the merits of Byk's 2016 motion for scheduled-loss compensation. *Id*. at ¶ 75.

{¶ 18} The commission and Republic Steel each appealed as of right.

## II.  STANDARD OF REVIEW

{¶ 19} To be entitled to a writ of mandamus, the relator must show by clear and convincing evidence that she has a clear legal right to the requested relief, that the commission has a clear legal duty to provide that relief, and that she has no adequate remedy in the ordinary course of the law.  *State ex rel. Zarbana Industries, Inc. v. Indus. Comm.*, 2021-Ohio-3669, ¶ 10.  Because the commission's decision to grant or deny scheduled-loss compensation is a decision "as to the extent of disability," it is not appealable under R.C. 4123.512(A) but may be challenged in a mandamus action.  *State ex rel. Walters v. Indus. Comm.*, 2024-Ohio-552, ¶ 15; *see also State ex rel. Kroger Co. v. Stover*, 31 Ohio St.3d 229 (1987), paragraph one of the syllabus.  Similarly, a commission order under R.C. 4123.60 relating to a dependent's right to claim compensation for which a decedent was eligible but which was not paid before the decedent's death may be challenged in a mandamus action.  *See State ex rel. Nicholson v. Copperweld Steel Co.*, 1996-Ohio-198, ¶ 13.

{¶ 20} In a direct appeal of the judgment in a mandamus action that originated in a court of appeals, we review the judgment as if the action had been originally filed in this court.  *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 164 (1967).  A writ of mandamus may lie when there is a legal basis to compel the commission to perform its duties under the law or when the commission has abused its discretion in carrying out its duties.  *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 2008-Ohio-1593, ¶ 9.

## III.  ANALYSIS

{¶ 21} The commission and Republic Steel each raise three propositions of law, with one in common: they both argue that the Tenth District erred by finding that Byk met the statutory requirements for seeking an award as a surviving spouse or dependent of an injured worker.  We begin—and end—with this threshold issue.

### A. The Tenth District Misapplied R.C. 4123.60

{¶ 22} Byk cited both R.C. 4123.57(B) and 4123.60 in support of her 2016 motion for scheduled-loss compensation as a surviving spouse.

{¶ 23} As noted above, R.C. 4123.57(B) authorizes the payment of scheduled-loss compensation to a claimant for the loss or loss of use of enumerated body parts. The statute expressly authorizes scheduled-loss payments to a surviving spouse in two instances: First, "[w]hen an award . . . has been made prior to the death of an employee[,] all unpaid installments accrued or to accrue under the provisions of the award shall be payable to the surviving spouse." R.C. 4123.57(B). Second, "[w]hen an employee has sustained the loss of a member by severance, but no award has been made on account thereof prior to the employee's death, the administrator shall make an award in accordance with [R.C. 4123.57(B)] for the loss which shall be payable to the surviving spouse." *Id.*

{¶ 24} Neither of these provisions apply to Byk because no scheduled-loss compensation was awarded to decedent before his death and he did not sustain a loss of a member by severance. Therefore, nothing in R.C. 4123.57(B) authorizes the payment of scheduled-loss compensation to Byk.

{¶ 25} Instead, Byk claims that she was authorized to apply for scheduled-loss compensation as a surviving spouse under the following language in R.C. 4123.60, which relates to a dependent's right to claim an award for which a decedent might have been eligible before his death but was not paid:

> If the decedent would have been lawfully entitled to have applied for an award at the time of his death the administrator may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, or for

7

services rendered on account of the last illness or death of such decedent, as the administrator determines in accordance with the circumstances in each such case, but such payments may be made only in cases in which application for compensation was made in the manner required by this chapter, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person.

**{¶ 26}** This provision authorizes an injured worker's dependent to apply for compensation "'during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person' if 'the decedent would have been *lawfully entitled* to have applied for an award *at the time of his death*.'" (Emphasis in original.) *State ex rel. Waste Mgt. of Ohio, Inc. v. Indus. Comm.*, 2022-Ohio-4581, ¶ 51 (Kennedy, C.J., dissenting), quoting R.C. 4123.60.

**{¶ 27}** The commission concluded in its decision denying Byk's 2016 motion that because it denied decedent's scheduled-loss claim in its 2014 final order, decedent's "entitlement to the loss-of-use award ha[d] already been determined and denied" such that "there [was] no entitlement award or accrued compensation payable" to Byk under R.C. 4123.60.

**{¶ 28}** The Tenth District, however, found that the SHO's denial of decedent's scheduled-loss claim in 2014 did *not* preclude Byk from meeting R.C. 4123.60's requirements. 2024-Ohio-1598 at ¶ 48 (10th Dist.). The court of appeals framed the issue as "whether [decedent] would have been lawfully entitled to scheduled-loss compensation under R.C. 4123.57(B) prior to his death." *Id.* at ¶ 49. To answer that question, the court of appeals examined whether the SHO properly applied our holding in *Smith*, 2014-Ohio-513, to decedent's 2014 scheduled-loss claim. Ultimately, the Tenth District found that the SHO misapplied our holding in *Smith* and therefore the commission abused its discretion by relying on the

8

SHO's flawed 2014 final order to deny Byk's 2016 motion for scheduled-loss compensation as a surviving spouse.  2024-Ohio-1598 at ¶ 69-70 (10th Dist.).

{¶ 29} The Tenth District's reasoning, however, is contrary to the plain language of R.C. 4123.60.  For Byk to be eligible for an award under that statute, the question is not whether a decedent was lawfully entitled to scheduled-loss compensation prior to death but, rather, whether "the decedent would have been *lawfully entitled to have applied* for an award at the time of his death" (emphasis added), R.C. 4123.60.

{¶ 30} "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said, and apply it as written."  (Cleaned up.)  *Caldwell v. Whirlpool Corp.*, 2024-Ohio-1625, ¶ 13.  And we must give effect to the words the General Assembly has chosen "without adding to or deleting from the text."  *State ex rel. AutoZone Stores, Inc. v. Indus. Comm.*, 2024-Ohio-5519, ¶ 23.  By framing the issue as whether decedent was "lawfully entitled" to scheduled-loss compensation, 2024-Ohio-1598 at ¶ 31 (10th Dist.), the court of appeals jumped to reviewing the SHO's reasoning for its 2014 final order without first properly considering the threshold issue in R.C. 4123.60 regarding whether decedent "would have been lawfully entitled to have applied for an award at the time of his death."

{¶ 31} As explained below, because Byk has not established that decedent was lawfully entitled to apply for a second time for the same scheduled-loss compensation that the commission previously denied, the law does not afford Byk the relief she seeks.  Therefore, it was unnecessary for the court of appeals to examine whether the SHO correctly applied our holding in *Smith* to decedent's 2014 scheduled-loss claim, and the court of appeals erred by doing so.

## B. Decedent Was Not Lawfully Entitled to Apply a Second Time for the Same Scheduled-Loss Compensation

{¶ 32} As noted above, on April 8, 2014, the commission denied decedent's claim for scheduled-loss compensation for the loss of use of his bilateral upper and lower extremities. Decedent died on May 3, 2015, and within one year after his death, Byk sought scheduled-loss compensation as a surviving spouse for the same loss of use that decedent had applied for. Based on these unique facts, for Byk to be eligible for an award under R.C. 4123.60, she must establish that at the time of decedent's death, he "would have been lawfully entitled to have applied" *a second time* for the loss of use of his bilateral upper and lower extremities—that is, he "would have been lawfully entitled to have applied" for the same scheduled-loss compensation that the commission had denied him 13 months before his death.

{¶ 33} The General Assembly did not define what it means for a decedent to be "lawfully entitled" to have applied for an award at the time of his death, R.C. 4123.60. When a statutory definition is not provided, we rely on "the plain and ordinary meaning of a term, which we ascertain by looking to the particular statutory language at issue, as well as the language and design of the statute as a whole." (Cleaned up.) *Rancho Cincinnati Rivers, L.L.C. v. Warren Cty. Bd. of Revision*, 2021-Ohio-2798, ¶ 21. In its everyday use, "lawfully" means "in a lawful manner." *Webster's Third New International Dictionary* (2002). "Lawful," in turn, means "allowed or permitted by law" or "constituted, authorized, or established by law." *Id*. "Entitle" means "to give a right or legal title to," to "qualify (one) for something," or to "furnish with proper grounds for seeking or claiming something." *Id.* By using the phrase "lawfully entitled" in R.C. 4123.60, the General Assembly made clear that the law had to expressly provide for or authorize the right of a decedent to seek an award at the time of his or her death; in other words, a decedent must have had a legal basis or authorization to apply for the award. When interpreting statutes, we must "give effect to every term . . . and avoid a construction

that would render any provision meaningless, inoperative, or superfluous." *Rhodes v. New Philadelphia*, 2011-Ohio-3279, ¶ 23.

**{¶ 34}** Byk has not proved that at the time of decedent's death, he was lawfully entitled to apply a second time for scheduled-loss compensation that the commission had already denied. Specifically, she has not pointed to anything in R.C. 4123.57(B) that authorized decedent to file a subsequent application for an award relating to the same loss of use of body parts that the commission had previously considered and rejected.

**{¶ 35}** If the General Assembly had intended for an injured worker to be entitled to file a subsequent application for the same scheduled-loss claim that was previously denied, the legislature could have provided for it in the language of R.C. 4123.57(B). For example, in the portion of R.C. 4123.57 relating to an injured worker's application for determination of the percentage of permanent-partial disability, the legislature has expressly authorized the injured worker to "refile" an application that was dismissed based on his or her failure to schedule or attend a medical examination.[1] R.C. 4123.57. Similarly, R.C. 4123.57(A) expressly provides that after a DHO determines an employee's percentage of permanent disability, the employee may file an "application for [a] subsequent percentage determination[] on the same claim for injury" when evidence exists to support new and changed circumstances that have developed since the original determination was made. No similar language authorizing an injured worker to "refile" or file a "subsequent" application—after the commission's consideration and denial of the same claim—was included in R.C. 4123.57(B) relating to scheduled-loss compensation. "[W]e have held that if the General Assembly could have used a

---

1. The language authorizing an injured worker to "refile the application" was added in 2017 and therefore was not part of R.C. 4123.57 when Byk applied for scheduled-loss compensation in 2016. *See* 2017 Sub.H.B. No. 27. Regardless, the amendment shows that the legislature knows how to authorize an injured worker to refile a previously dismissed claim if it intended such an authorization.

particular word in a statute but did not, we will not add that word by judicial fiat." *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 2014-Ohio-5511, ¶ 26.

{¶ 36} Moreover, res judicata "applies to proceedings before the Industrial Commission." *State ex rel. Kroger Co. v. Indus. Comm.*, 1998-Ohio-174, ¶ 12. But Byk has made no attempt to explain why decedent would not have been precluded from filing a second motion for scheduled-loss compensation for the same loss-of-use award that the commission had denied a little over one year before his death.

{¶ 37} Instead, Byk argues in her merit brief that because the commission has continuing jurisdiction over its decisions under R.C. 4123.52, at any time before his death, decedent "was free to request the same scheduled loss benefits that were previously requested." R.C. 4123.52(A) outlines the commission's continuing jurisdiction over workers' compensation cases and authorizes the commission to "make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion[,] is justified." "This continuing jurisdiction is limited and may be invoked only when there is evidence of '(1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by [an] inferior tribunal.'" (Bracketed text in original.) *State ex rel. Neitzelt v. Indus. Comm.*, 2020-Ohio-1453, ¶ 11, quoting *State ex rel. Nicholls v. Indus. Comm.*, 1998-Ohio-616, ¶ 17. That the commission has the authority to modify or change its former findings based on changed circumstances or similar evidence does not mean that an injured worker is lawfully entitled to repeatedly file for scheduled-loss compensation that the commission has already denied.

{¶ 38} Byk also argues in her merit brief that her claim for compensation as a dependent under R.C. 4123.60 is distinct from that of decedent's, and therefore, the commission "should not have considered in any way the prior denial." Even though a dependent's claim for an award under R.C. 4123.60 "exist[s] separate and apart from the rights of the injured worker" and becomes independently actionable upon the injured worker's death, *Nicholson*, 1996-Ohio-198, at ¶ 9, the commission

may not ignore R.C. 4123.60's language restricting when a dependent may seek an award. Therefore, even accepting that a dependent's claim under R.C. 4123.60 is distinct from that of the injured worker, the dependent must nonetheless comply with the statute's requirements to be awarded compensation.

{¶ 39} Because Byk seeks the extraordinary remedy of a writ of mandamus, she bears the burden of establishing that she has a clear legal right to the relief requested and that the commission has a clear legal duty to provide it. *See State ex rel. York Internatl. Corp. v. Indus. Comm.*, 2006-Ohio-17, ¶ 20. Byk has not established that at the time of decedent's death, he would have been "lawfully entitled to have applied," R.C. 4123.60, a second time for the loss of use of his bilateral upper and lower extremities. Therefore, under the plain language of R.C. 4123.60, Byk is not entitled to compensation for the purported loss of use, and the commission has no clear legal duty to award that compensation.

{¶ 40} Since we reverse the court of appeals' judgment on this ground, we need not consider the commission's and Republic Steel's remaining propositions of law.

### IV. CONCLUSION

{¶ 41} For the foregoing reasons, the judgment of the Tenth District Court of Appeals is reversed. Because we find that Byk is not eligible to receive scheduled-loss compensation as a surviving spouse under R.C. 4123.60, we deny her request for a writ of mandamus.

Judgment reversed
and writ denied.

_____

Dean R. Wagner and Vincent J. DeLorenzo, for appellee.

Dave Yost, Attorney General, and John Smart, Assistant Attorney General, for appellant Industrial Commission of Ohio.

Morrow & Meyer, L.L.C., and Tod T. Morrow, for appellant Republic Steel.